UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ACQIS, LLC,                        *
                                   *
        Plaintiff,                 *
                                   *        Civil Action No. 14-cv-13560
        v.                         *
                                   *
EMC CORPORATION,                   *
                                   *
        Defendant.

MEMORANDUM AND ORDER

August 8, 2016

BURROUGHS, D.J.

        This patent infringement case has been stayed since June 10, 2015, when this Court

entered an Order staying the case pending Inter Partes Review ("IPR") of 2 of the 11 patents-in-

suit. [ECF No. 102]. On March 8, 2016, the Patent Trial and Appeal Board ("PTAB") issued its

Final Written Decisions in the two IPRs, finding that EMC had failed to prove that the

challenged claims were unpatentable. EMC has since filed a Notice of Appeal to the Federal

Circuit for both IPRs, and requests that this Court maintain the stay while the Federal Circuit

decides its appeal. For the reasons stated below, EMC's request is denied and the stay is lifted.

    I.    **Procedural Background**

        ACQIS filed its original complaint against EMC in the Eastern District of Texas on

September 9, 2013. ACQIS LLC v. EMC Corporation, No. 6:13-CV- 00639 (E.D. Tex.). ACQIS

subsequently amended it complaint and now alleges that several of EMC's computer storage

products infringe 11 of its patents. On December 6, 2013, EMC moved to transfer the action to

the District of Massachusetts pursuant to 28 U.S.C. § 1404(a). On September 10, 2014, Judge

Leonard Davis of the Eastern District of Texas conditionally granted EMC's motion to transfer,

but retained jurisdiction over EMC through the claim construction process. [ECF No. 44]. Judge

Davis held a Markman hearing on February 12, 2015, and on April 13, 2015, issued both a claim

construction opinion and an order transferring the case to this Court. [ECF Nos. 71-72].

In March 2015, after the Markman hearing but before the claim construction opinion was

issued and the action was transferred, the PTAB instituted IPRs of two of the patents-in-suit:

U.S. Patent Nos. 8,041,873 and RE42,814. On April 27, 2015, EMC moved for an order staying

this case pending the resolution of the IPRs. [ECF No. 80]. On June 10, 2015, following briefing

[ECF Nos. 84, 88, 96, 101] and a hearing, the Court granted EMC's motion. [ECF No. 102]. The

Court stayed the action pending the resolution of the IPRs.

On March 8, 2016, the PTAB issued Final Written Decisions in the two IPR proceedings,

finding that EMC had not proven that the challenged claims were unpatentable. The next day,

ACQIS notified the Court of the PTAB's decisions and requested a scheduling conference. [ECF

No. 108]. The Court scheduled a conference for March 30, 2016 and directed the parties to

submit a proposed schedule for the case going forward. [ECF Nos. 114, 116]. The parties could

not agree on a schedule and submitted separate filings. [ECF Nos. 118, 119]. In its filing, EMC

included both a proposed schedule as well as a request that the Court maintain the stay pending

its appeal of the two IPR decisions to the Federal Circuit. [ECF No. 119].[1] At the scheduling

conference, ACQIS opposed EMC's request to maintain the stay, and the Court directed the

parties to submit briefing on whether the stay should remain in place pending EMC's appeal.

[ECF No. 123 at 20]. ACQIS and EMC each filed opening briefs on April 14, 2016 [ECF Nos.

126, 128] and reply briefs on April 19, 2016. [ECF Nos. 129, 130].

---

[1] EMC filed Notices of Appeal to the Federal Circuit for both IPRs on April 11, 2016. [ECF No. 126-9 and 126-10].

## II.    Discussion

The Court has the inherent power to manage its docket by staying proceedings. Landis v.

N. Am. Co., 299 U.S. 248, 254-55 (1936); Ethicon, Inc. v. Quigg, 849 F.2d 1422, 1426-27 (Fed.

Cir. 1988). Whether or not to grant a stay is within the Court's discretion. Three factors are

considered in deciding a motion to stay:

> (1) the stage of the litigation, including whether discovery is complete and a trial date has
> been set; (2) whether a stay will simplify the issues in question and the trial of the case;
> and (3) whether a stay will unduly prejudice or present a clear tactical disadvantage to the
> nonmoving party.

SurfCast, Inc. v. Microsoft Corp., No. 2:12-CV-333, 2014 WL 6388489, at *1 (D. Me. Nov.14,

2014). This analysis considers the totality of the circumstances, and "while prior decisions may

prove instructive, the inquiry is largely case specific." Id.

In the prior order granting a stay pending IPR, the Court weighed these three factors and

found that a stay of approximately nine months (or less), coming early-on in discovery, was

unlikely to prejudice ACQIS and would likely simplify the issues of this case. Even though the

IPRs only involved 2 of the 11 patents-in-suit, and 3 of the 22 claims asserted against EMC, the

Court determined that the IPRs had the potential to simplify the case, given the significant

overlap among the patents-in-suit, as well as the overlap between the elements of the claims

under review in the IPRs and those found in the remaining claims not under review. [ECF No.

102].

While the first factor—the stage of litigation—has remained the same since the Court

granted the original stay, the other two factors have shifted in ACQIS' favor.

First, EMC concedes that the IPRs "dramatically simplified this litigation," [ECF No. 133

at 13], and the Court is not convinced that the Federal Circuit's decision will provide a similar

benefit. ACQIS submits that historically, the Federal Circuit has rarely overturned PTAB

decisions, and EMC has not offered a compelling reason why this case will be any different. If the PTAB had invalidated the underlying patents, then a stay pending appeal would likely be warranted, since an affirmance of the PTAB's decision would moot all or some of the case. See e.g., SurfCast, Inc., 2014 WL 6388489, at *2 (granting defendant's motion to stay proceeding pending appeal for IPR that found claims unpatentable in part because "[a]n appellate ruling upholding the PTO's Final Written Decision would eliminate most of the issues before this Court."). Given that the PTAB upheld the patents, however, and that Judge Davis has already issued a claim construction opinion, a further stay is unlikely to meaningfully simplify the issues in this case. When granting the previous stay, this Court found that the second factor—whether a stay will simplify the issues in question and the trial of the case—weighed only "slightly in favor of a stay." [ECF No. 102 at 9]. Now that the Court has the benefit of the PTAB's decision, as well as the underlying record from the IPRs, this factor favors a stay even less than before.

Second, unlike the PTAB, which was required by statute and regulation to issue a final decision on the IPRs before March 11, 2016, the Federal Circuit may resolve EMC's appeal at any time. The Court is not inclined to grant an indefinite stay in a case that ACQIS initiated nearly three years ago and that has already been stayed for over a year. Based on a review of the Federal Circuit's docket, EMC calculated that on average, the Federal Circuit takes 336 days to resolve PTAB appeals, from case filing date to order filing date. [ECF No. 134 ¶ 16]. The length of time, however, varies considerably from case to case, and many of the appeals took well over a year. Furthermore, EMC's calculation included appeals with expedited briefing schedules, and EMC has not stated what the briefing schedule is for its pending appeal. Notably, in its brief in support of maintaining a stay, EMC relies on Depomed, Inc. v. Purdue Pharma L.P., No. CV 13-571, 2016 WL 50505 (D.N.J. Jan. 4, 2016), a recent case in which a district court denied a

plaintiff's request to lift a stay while the defendant appealed the PTAB's IPR decision. In the Depomed opinion, however, the court noted that the Federal Circuit had ordered an expedited briefing schedule, and according to EMC's analysis, the appeal in Depomed took only 191 days, the third-shortest amount of time of the over 80 cases included in the analysis.

Even though ACQIS is a non-practicing entity that does not compete directly with EMC, the Court is concerned that an additional, indefinite stay, which could potentially last well in excess of a year, would prejudice ACQIS in this litigation as well as its business generally, especially given that ACQIS' asserted patents will begin expiring in 2018. Further, in its briefs in support of the previous stay, EMC never mentioned the possibility of appealing the final IPR decisions or extending the stay pending such an appeal. Rather, EMC repeatedly emphasized how short the stay would be. [See e.g., ECF No. 81 at 18 ("[T]he requested stay here is relatively short."), at 25 ("The limited and defined stay of 11 months will not unduly prejudice ACQIS.")]. While the Court does not agree with ACQIS that EMC is judicially estopped from asking for a longer stay, it does find that EMC's shifting position further counsels against extending the stay.

Since the Court entered its previous stay order, EMC has entered into a merger transaction with Dell, which EMC claims is set to close by October 2016. EMC argues that because Dell holds a license to the ACQIS patent portfolio, the merger between Dell and EMC is likely to simplify the issues in this case, and that the Court should maintain the stay at least through the closing of the merger. EMC admits that it is "premature to brief the merits of the effect of the merger on this case," given that the merger has not yet been effectuated, but nonetheless requests that the stay continue through the closing, because the merger may have some impact on this case. [ECF No. 133 at 16]. The effect that the EMC-Dell transaction may have on this case is too speculative to warrant a further stay: no closing date has been set, the

merger has not been approved by EMC shareholders, and the ACQIS-Dell license is arguably

unassignable to EMC. When and if the merger is finalized, which is likely to be well before the

case goes to trial (even without a stay), the parties can brief the impact of the merger on this

case.

### III.    Conclusion

In sum, the totality of the circumstances do not support extending the stay pending

EMC's appeal of the IPR decisions. The Federal Circuit decision is unlikely to simplify this

action to the extent the IPRs already have, and an additional delay of unknown duration will

inflict greater harm on ACQIS than did the brief and fixed delay caused by the original stay.

Accordingly, the stay is lifted and the parties should proceed with discovery. A scheduling

conference has been set for August 18, 2016 at 2:00. The parties should submit a joint proposed

schedule prior to the conference.

**So Ordered.**

Dated: August 8, 2016

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT COURT JUDGE

6