# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

200 Park Avenue
New York, NY 10166-0193
Tel 212.351.4000
www.gibsondunn.com

Josh Krevitt
Direct: +1 212.351.2490
Fax: +1 212.351.6390
JKrevitt@gibsondunn.com

April 10, 2019

VIA ECF

Hon. Allison D. Burroughs
United States District Judge
United States District Court for the District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

Re:   ACQIS, LLC v. EMC Corporation, Case No. 1:14-cv-13560-ADB

Dear Judge Burroughs:

We write on behalf of EMC to propose a mechanism for the efficient resolution of the numerous remaining summary judgment and *Daubert* motions currently pending before the Court. EMC filed three summary judgment motions and a single *Daubert* motion. D.I. 494, 498, 502, 506. ACQIS filed 16 such motions. D.I. 413, 418, 445, 448, 450, 452, 455, 461, 464, 466, 509, 511, 513, 515, 518, 521, 524, 527. After the Court's orders of yesterday, 18 of these motions remain pending.

Only two of the remaining motions actually are case-dispositive and have the potential to resolve this case entirely. EMC proposes that the Court address these case-dispositive motions first, and address the remaining motions only in the event that becomes necessary.

Specifically, there are only two issues in all of the pending motions that are case-dispositive: infringement and validity. EMC proposes that the Court address EMC's motion for summary judgment of non-infringement and EMC's motion for summary judgment of invalidity. D.I. 498, 502. Each of these motions addresses all claims in the case, and if either were granted would resolve the case. ACQIS also filed a motion for partial summary judgment of direct literal infringement (D.I. 527), and while that motion is not case-dispositive, that motion could be heard along with EMC's motion for summary judgment of non-infringement, since the issues in these motions substantially overlap.

The papers filed in support of these motions show that they are unusually amenable to summary judgment. For example, with respect to non-infringement, both parties have expressly stated that their key disputes will turn on the Court's view of the impact of its

**GIBSON DUNN**

Hon. Allison D. Burroughs
April 10, 2019
Page 2

claim construction, which the parties agree is an issue for the Court and not the jury to decide.  D.I. 503 at 3–4, 20–21; D.I. 528 at 1, 3–4.  Similarly, EMC's motion with respect to invalidity flows directly from the Court's claim construction and from the face of the patents.  D.I. 499 at 5, 8–9.

      EMC's proposal is efficient because if EMC were to prevail on either non-infringement or invalidity, that result would end the case, obviating the need for the Court to decide any other issue in any pending motion.  The Court would not even have to address the issues of infringement, let alone any of the other 15 ancillary non-dispositive motions.

      Moreover, in the event that the first hearing EMC proposes does not resolve the case, the outcome would nevertheless impact the resolution of many of the other motions, and reduce the issues that need to be litigated at any later hearing or pretrial conference.  Indeed, a number of ACQIS's *Daubert* motions are directed to the same issues of claim construction that the parties raised in their cross motions for summary judgment on infringement.  *Compare, e.g.*, ACQIS's Infringement SJ (D.I. 528) at 4–6, 10–12 *with* ACQIS's Hospodor *Daubert* (D.I. 522) at 7–12.  The guidance of the Court provided in its ruling on the infringement motions would likely narrow the issues to consider in these *Daubert* motions, if not moot them entirely.

      Accordingly, EMC respectfully requests that the Court initially address, and schedule a first oral argument on, the parties' cross motions on infringement and EMC's invalidity motion, and defer hearing the other motions until after the first round of motions are decided.  ACQIS opposes this request, but has stated that it would be willing to join a status conference with the Court discuss these issues.  If the Court believes that a status conference would be helpful, EMC is available to conduct one promptly.

Respectfully,

*/s/ Josh Krevitt*

Josh Krevitt