# King & Spalding

King & Spalding LLP
1515 Wynkoop Street
Suite 800
Denver, CO 80202

Tel: +1 720 535 2300
Fax: +1 720 535 2400
www.kslaw.com

James P. Brogan
Partner
Direct Dial: +1 720 535 2310
jbrogan@kslaw.com

April 11, 2019

<u>VIA ECF</u>

Hon. Allison D. Burroughs
United States District Judge
United States District Court - District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

Re:   ACQIS, LLC v. EMC Corporation, Case No. 1:14-cv-013560-ADB

Dear Judge Burroughs,

I write in response to Mr. Krevitt's April 10, 2019 letter. We all agree that speedy resolution of cases is critically important. We disagree on how to get there.

We filed this case on September 9, 2013. When Judge Davis transferred the case here on April 13, 2015, he asked this court to accommodate the existing case schedule (trial set for April 11, 2016) to avoid "increasing costs and adding years to the time of final resolution of the dispute." (D.I. 44 at 14.) Trial was set to start three years ago -- to the day.

At every turn, EMC has sought delays, and been remarkably successful. It offered promises of efficiency and streamlining, from IPRs to appeals. Yet here we are with the sixth anniversary approaching and no streamlining.

This case needs a trial date, a hearing on any outstanding motions that the Court wishes to hear from the parties on, and decisions on the motions. As noted in the *Benchbook for U.S. District Court Judges*,

> Most courts set a trial date in the scheduling order and try to adhere to it. Empirical data show that setting a firm trial date and sticking to it when possible is one of the best ways to ensure that the case moves forward without undue cost or delay.

Hon. Allison D. Burroughs
April 11, 2019
Page 2

*Benchbook for U.S. District Court Judges*, Federal Judicial Center, Sixth Edition, at 197. ACQIS has repeatedly asked for a trial date. EMC's piecemeal proposal would further delay trial.

The Court will remember EMC's argument to stay the case in favor of its ill-fated *Inter Partes* reviews. EMC represented that the IPRs would greatly narrow the validity issues presented in this case and promised that EMC would be done with all "paper prior art" following that proceeding. EMC failed to invalidate a single claim, and still pursues invalidity based on "paper prior art." The result? An eighteen-month delay and issues not narrowed.

EMC asked that the stay remain in place pending appeal of its IPR losses. EMC urged that the Federal Circuit would narrow the issues. Later, EMC dismissed its appeal the day before the Federal Circuit heard argument. The result? Further delay.

Some motions have been pending more than a year. The summary adjudication motions and Daubert motions were fully briefed as of September 21, 2018. EMC now argues that deciding just a few of the pending motions would be dispositive. We don't think so. The Court will decide. If EMC is wrong, the other motions will need to be decided later. We can't agree on a procedure that puts off those decisions, and ultimately further delays trial.

EMC argues its proposal would be "efficient." Efficiency would have been better served by EMC narrowing defenses and dropping invalidity theories as promised to win the IPR stay. Instead, EMC forced ACQIS to file numerous motions. Like the IPRs, EMC's proposal will *only* achieve judicial economy if EMC wins. If EMC loses, we go back in line for hearings on remaining motions. In the meantime, no trial date is scheduled.

The familiar maxim "justice delayed is justice denied" holds true. Well-funded defendants know this and seek procedural delays at every opportunity.

ACQIS proposes that the Court set a hearing as soon as possible on the motions it would like argued. The other motions can be decided on the papers. In our view, the most important motions are:

| D.I. 461 | ACQIS's motion for summary judgment on EMC's 16th affirmative defense of inequitable conduct |
| --- | --- |
| D.I. 466 | ACQIS's motion for summary judgment of no invalidity based on estoppel |
| D.I. 494 | EMC's motion for summary judgment of no willful infringement |
| D.I. 498 | EMC's motion for summary judgment of lack or written description and non-enablement |
| D.I. 502 | EMC's motion for summary judgment of non-infringement |
| D.I. 527 | ACQIS's motion for partial summary judgment of infringement |

Hon. Allison D. Burroughs
April 11, 2019
Page 3

ACQIS requests pretrial and trial dates as the Court's schedule permits. Four of its key witnesses are over 60 years old. The inventor will be 68 this year. The chairman of the company is in his 70's.

    Sincerely,

    */s James P. Brogan*

    James P. Brogan

    *Counsel for Plaintiff ACQIS, LLC*